**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**NEW DAY PERSONAL CARE SERVICES, INC;**

*Plaintiff*,

**v.**

Civil Action No. 6:25-cv-00075
Judge Robert R. Summerhays
Magistrate Judge Carol B. Whitehurst

**LORI CHAVEZ-DEREMER,** Secretary of the United
States Department of Labor, in her official
capacity;

**PATRICIA DAVIDSON,** Administrator of the Wage
and Hour Division, in her official capacity,

*Defendants*.

**UNOPPOSED TIME-SENSITIVE MOTION FOR A**
**TEMPORARY STAY OF PROCEEDINGS**

Plaintiff New Day Personal Care Services, Inc. moves to temporarily stay all filing deadlines

and proceedings, including the upcoming August 11, 2025 deadline for parties to object to the

Magistrate Judge's Report and Recommendation, pending the conclusion of the Department of

Labor ("DOL") rulemaking entitled *Application of the Fair Labor Standards Act to Domestic Service*,

90 Fed. Reg. 28,976 (July 2, 2025) ("Proposed Replacement Rule"), which will replace the DOL

final rule that Plaintiff is challenging in this case, entitled *Application of the Fair Labor Standards*

*Act to Domestic Service*, 78 Fed. Reg. 60,454 (Oct. 1, 2013) ("2013 Rule"). Defendants do not

oppose this motion.

Plaintiff, a third-party home care agency whom the DOL Wage and Hour Division ("WHD")

threatened with liability under the 2013 Rule, filed this suit asking the court to vacate the 2013

1

Rule as inconsistent with the best reading of the Fair Labor Standards Act ("FLSA"), among other things. Compl. ECF No. 1. Defendants moved to dismiss the case on March 21, 2025. Mot. to Dismiss, ECF No. 13.

On July 25, 2025, while that motion was pending, the DOL Wage and Hour Division issued Field Assistance Bulletin ("FAB") No. 2025-4, instructing all Division investigators to "immediately discontinue enforcement of the 2013 final rule, including open cases that predate this FAB." https://perma.cc/C536-HZPF. This FAB will presumably result in WHD ceasing its enforcement efforts against New Day.

On July 28, 2025, the Magistrate Judge issued a Report and Recommendation, concluding that the Court should deny the motion to dismiss Plaintiff's main claim that the 2013 Rule is inconsistent with the FLSA. Rep. and Rec., ECF No. 20. The deadline for the parties to file written objections to the Report and Recommendation is this Monday, August 11, 2025. Fed. R. Civ. P. 72(b). Plaintiff's request for a temporary stay includes a pause to this filing deadline.

This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Court should exercise that discretion to stay proceedings when "the public welfare or convenience will thereby be promoted." *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936). Here, a stay of proceedings and all deadlines pending finalization or abandonment of the Proposed Replacement Rule is justified to conserve the resources of the parties and the Court.

A temporary stay will promote the public welfare and convenience by preserving the resources of the parties and Court. Since DOL is actively working to rescind the 2013 Rule that Plaintiff brought this case to challenge and WHD instructed its investigators to cease efforts to

enforce the 2013 Rule against Plaintiff, the parties may be able to reach an amicable resolution of this case outside of court.

Moreover, any work this Court does to determine the validity of the 2013 Rule may be wasted when the Proposed Replacement Rule repeals it, because that, at least according to the magistrate judge, a repeal could render this case moot. Rep. and Rec., ECF No. 20 at 19 n.2. The Court cannot be certain that this case continues to present a live issue until it knows whether the 2013 Rule will be replaced. And that is unknowable until DOL concludes its rulemaking.

For these reasons, the Court should grant this unopposed motion to temporarily stay proceedings, including the August 11, 2025 deadline for parties to object to the Magistrate Judge's Report and Recommendation, pending completion or abandonment of the Proposed Replacement Rule.

Respectfully submitted,

**MICHAEL BUSCHBACHER\***
Email: mbuschbacher@boydengray.com
**JAMES R. CONDE\***
Email: jconde@boydengray.com
BOYDEN GRAY PLLC
800 Connecticut Ave. NW,
Suite 900
Washington, DC 20006
Telephone: (202) 955-0620

*Pro hac vice*

*/s/ David M. Whitaker*
**DAVID WHITAKER (#21149)**
Email: david.whitaker@keanmiller.com
**ZOE W. VERMEULEN (#34804)**
Email: zoe.vermeulen@keanmiller.com
KEAN MILLER LLP
909 Poydras Street, Suite 3600
New Orleans, LA 70112
Telephone: (504) 585-3050
Facsimile: (504) 585-3051

***Counsel for Plaintiff***
*New Day Personal Care Services, Inc.*

DATED: August 6, 2025